NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIRECTV, INC., | : |
| Plaintiff, | : |
| | : Civ. No. 03-5606 (GEB) |
| v. | : |
| DAVE RICHARDS, *et al.*, | : **MEMORANDUM OPINION** |
| Defendants. | : |

**BROWN, District Judge**

This matter comes before the Court upon Defendant Dave Richards' ("Defendant" or "Richards") motion to quash the third-party subpoena *duces tecum* upon Providian National Bank ("Providian"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 605(e)(3)(A), and 18 U.S.C. § 2520(a). The Court has decided the motion upon the submitted papers and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Defendant's motion is denied.

I.   BACKGROUND

Plaintiff DIRECTV, Inc. ("DIRECTV") instituted this action against several named defendants,[1] including Richards, alleging the violation of the Federal Communications Act of

---

[1] Other defendants named in DIRECTV's complaint include Michael J. Marino, Richard H. Yoss, Francine J. Miraglia, Martin Edelman, Richard Casario, David Kleinman, Alan Mintzer, and Aaron Kemble. All of these defendants have reached settlement with DIRECTV.

1934 ("FCA"), 47 U.S.C. § 605, and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510-2521.  Compl. ¶ 5.

Specifically, DIRECTV alleges that Richards purchased two Pirate Access Devices ("devices") from The Computer Shanty, Compl. ¶ 13(a), an Internet seller of such devices.[2]  The devices are designed primarily for the unauthorized decryption of DIRECTV's satellite transmissions.  Compl. ¶ 3.  Seized shipping documentation allegedly reveals that Richards received the devices by mail at his home in Lodi, New Jersey.  Compl. ¶ 13.

DIRECTV served a third-party subpoena upon Providian on February 10, 2005, seeking Defendant's credit card records and other documents pertaining to his VISA credit card for the months of February 2001 through January 2003.  Richards filed the instant motion to quash the third-party subpoena upon Providian the following day, asserting that the subpoena should be quashed because DIRECTV served it after the February 7, 2005 entry of a final pretrial order.  Richards alternately argues that the Court should quash the subpoena because it is unduly burdensome, unlikely to reveal relevant information, overly broad in scope, and likely to uncover privileged material.

## II.  DISCUSSION

### A.  The Court Will Reach The Merits Of Defendant's Challenge Because He Claims A Privilege Is Threatened By The Third-Party Subpoena

DIRECTV questions whether Richards has standing to challenge the third-party subpoena

---

[2] On or about December 1, 2001, with the assistance of law enforcement officials, DIRECTV executed writs of seizure upon The Computer Shanty.  Compl. ¶ 3.  DIRECTV obtained various business records showing the continued sale of the devices and used this documentation as the basis for the allegations against Defendant.  Compl. ¶¶ 3, 13.

upon Providian.  A party lacks standing to seek the modification or quashing of a subpoena upon a third party unless the party claims a personal privilege is implicated.  *See, e.g.*, *Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (holding that a party whose banking records are subpoenaed has standing to oppose the subpoena).  Here, Defendant asserts a personal privilege with respect to his bank account records.  The Court finds that Defendant's claimed privilege is sufficient to confer standing for the purpose of this motion.

      B.  The Court Finds That The Subpoena Was Timely Served

      Richards argues at the outset that this Court should quash the subpoena because it was served after the designated period for discovery and three days after the February 7, 2005 entry of a final pretrial order.  This argument cannot succeed.

      DIRECTV first served a subpoena upon VISA on December 13, 2004.  Certification of David A. Cohen ("Cert.") Exhibit I.  This subpoena was served more than seven weeks before the final pretrial order was entered and well within the discovery period.  By letter dated December 29, 2004, DIRECTV was notified that VISA was not the Custodian of Records for individual accounts and that any subpoena would instead need to be served on Providian.  Cert. Exhibit J.  The following day, DIRECTV forwarded this letter to defense counsel, specifically stating that "we will serve a subpoena upon Providian . . . for the information requested in our original subpoena to VISA."  Cert. Exhibit K.  In addition, DIRECTV later forwarded to counsel a copy of a letter to Providian's executive vice president asking for directions on whom to serve with the subpoena.  Cert. Exhibit M.

      The decision to depart from or adhere to a pretrial order is within the sound discretion of

the trial court judge. *See Beissel v. Pittsburgh & Lake Erie Railroad Co.*, 801 F.2d 143, 150 (3d Cir. 1986). The Court finds that DIRECTV acted diligently and that counsel received timely notification of DIRECTV's plans to subpoena Providian's records. Further, Richards was not prejudicially surprised because he knew that the subpoena upon Providian was forthcoming. *See Morton Intern., Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 684 (3d Cir. 2003) (citing *Lamborn v. Dittmer*, 873 F.2d 522, 527 (2d Cir. 1989)) (finding that scheduling orders were designed "to insure the efficient resolution of cases and, most importantly, [to] minimize prejudicial surprise"). Accordingly, the Court concludes that the subpoena was served in a timely, appropriate manner.

### C.  Defendant's Motion To Quash Must Be Denied Because Defendant Has Not Proven The Subpoena Is Unduly Burdensome, Unlikely To Reveal Relevant Information, Overly Broad, Or Likely To Uncover Privileged Material

#### 1. The Subpoena Does Not Subject Defendant To An Undue Burden

Richards argues that the subpoena upon Providian is unduly burdensome under Federal Rule of Civil Procedure 45. *See* FED. R. CIV. P. 45(c)(3)(A)(iv) (2005). A subpoena causes an undue burden if the request "is unreasonable or oppressive." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984). The party moving to quash a subpoena carries the *heavy* burden of proving that the subpoena is unreasonable or oppressive. *See id.*; *Westinghouse Elec. Corp. v. City of Burlington, Vt.*, 351 F.2d 762, 766 (D.C. Cir. 1965) (emphasis added). When appropriate, a district court should consider the possibility of modifying a subpoena rather than quashing. *See Northrop*, 751 F.2d at 403.

Richards has not satisfied the heavy burden of proving that the subpoena is either unreasonable or oppressive. Defendant argues that the subpoena is oppressive because it was

4

served three days after the entry of a final pretrial order.  As discussed above, the Court has determined that the subpoena was timely served, and that the Defendant was not prejudicially surprised by the change in the subpoena.  Defendant has offered no additional facts to satisfy his heavy burden of proof.  Therefore, Defendant's motion to quash cannot be granted on this basis.

### 2.  The Subpoena Is Narrowly Drawn And Likely To Disclose Relevant Facts

Under Rule 26, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  FED. R. CIV. P. 26(b)(1) (2005).  *See also* FED. R. EVID. 401 (2005) (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").  The relevancy requirement has been construed broadly and liberally in order to ensure mutual knowledge of all relevant facts.  *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

This Court finds that the information sought by the subpoena is clearly relevant to the allegations made by DIRECTV.  DIRECTV alleges that Richards purchased two devices and received them by mail.  Compl. ¶ 13.  As DIRECTV notes, the sale of these primarily illegal devices usually occurs over the Internet, where the use of a credit card is often necessary to complete a transaction.  *See* DIRECTV Brief at 11.  Therefore, the subpoena of credit card records within the designated time frame clearly represents an attempt to gain relevant information.

Richards also argues that the subpoena served upon Providian is overly broad because

5

there is only alleged to be a single purchase of two devices in 2001.  This argument cannot succeed.  Based on the seizure of records from The Computer Shanty, DIRECTV determined that Richards had purchased the two devices in May 2001.  Cert. Exhibit A.  Therefore, it is reasonable for DIRECTV to request documents dating back to February 2001.

The Court also finds that it was not unreasonable to request documents up to January 2003.  In *DIRECTV, Inc. v. Richards (Marino)*, this Court examined the propriety of a subpoena served upon PayPal in 2004.  *See DIRECTV, Inc. v. Richards (Marino)*, No. 03-5606 (D.N.J. Oct. 14, 2004) (memorandum opinion denying motion to quash subpoena), at 11.  DIRECTV sought, without limitation, all documents associated with Defendant Richards' accounts.  This Court held that the documents sought were entirely relevant to DIRECTV's claims and that the subpoena was "appropriately limited."  *Id.*  Significantly, PayPal records revealed that Defendant Richards allegedly sold a "DSS HU" card to one Santos Garcia in December 2002.  *See* Cert. Exhibit G.  Because the PayPal records reveal that Defendant engaged in further conduct involving DIRECTV hardware as late as December 2002, it is reasonable for DIRECTV to inquire into Defendant's credit card records up to January 2003.  Therefore, this Court concludes that DIRECTV's subpoena upon Providian is not overly broad.

### C.  The Subpoena Does Not Threaten A Proven Personal Privilege

Richards asserts that the subpoena upon Providian should be quashed because it requires the disclosure of privileged bank records.  *See* FED. R. CIV. P. 45(c)(3)(A)(iii) (2005).  Defendant only offers vague legal conclusions and speculates about the existence of a personal privilege.  The Court finds that Defendant has not proven the existence of a threatened privilege.  Further, Defendant's concern would be better cured by a protective order issued pursuant to Federal Rule

of Civil Procedure 26(c).  Therefore, the Court cannot quash the subpoena on this basis.

**III.     CONCLUSION**

For the foregoing reasons, Richards' motion to quash the third-party subpoena *duces tecum* upon Providian is denied.  An appropriate Order accompanies this Memorandum Opinion.


                                                                    s/ Garrett E. Brown, Jr.
                                                            GARRETT E. BROWN, JR., U.S.D.J.